945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl CARTER, Jr., Plaintiff-Appellant,
v.
SUZUKI MOTOR COMPANY, LIMITED, United States Suzuki Motor
Corporation, Defendants-Appellees.
 No. 90-1833.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1991.
Decided Sept. 26, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Richard C. Erwin, Chief District Judge. (CA-89-15-R-C)
 Argued: Thomas W. Williamson, Jr., Emroch & Williamson, Richmond, Va., for appellant; Gene Allen Dickey, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for appellee.
 On Brief: Thomas Stark, IV, Emroch & Williamson, Richmond, Va., for appellant; J. Keith Tart, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before WIDENER, Circuit Judge, CHAPMAN, Senior Circuit Judge, and JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 Earl Carter appeals from the district court's denial of his motion for relief from a default judgment under Federal Rule of Civil Procedure 60(b). He contends that the district court abused its discretion by refusing to set aside the default. We agree and vacate the judgment.
 
 
 2
 Carter filed a product liability action on January 5, 1989 against the Suzuki Motor Company to recover damages for personal injuries he received when his all terrain vehicle overturned. Some of its discovery requests unanswered, on January 31, 1990, Suzuki filed a motion seeking, among other remedies, dismissal for Carter's failure to comply with the court's initial pre-trial order that required him to designate his experts by October 30, 1989, and for his failure to supplement his interrogatory answers. Carter did not respond.
 
 
 3
 In response to Suzuki's motion, on February 13, 1990, the district court entered an order that noted the claimed discovery abuses by Carter and his failure to move the court for an extension of time.* The order provided that Carter's action would be dismissed unless he corrected these discrepancies by March 20, 1990. Carter supplied the missing discovery to Suzuki on March 20, 1990.
 
 
 4
 Despite this compliance, on March 21, 1990, the clerk dismissed the action without notifying the parties. Carter was apparently notified of the default only when he received Suzuki's bill of costs on May 25, 1990. Shortly thereafter, on June 4, 1990, Carter moved to set aside the dismissal under Federal Rule 60(b)(1).
 
 
 5
 Carter's motion was based upon the grounds that the default judgment had resulted from mistake or excusable neglect in interpreting the district court's February 13 order. He argued that although the order required his discovery responses by March 20, 1990, it was at least a reasonable interpretation of the order that a motion for an additional extension of time was not required if he complied by the stated date. The district court denied the motion. Carter now appeals to this court.
 
 
 6
 The February 13 dismissal order was issued in response to Suzuki's motion for dismissal that was based on Carter's disregard of his discovery obligations. Of the three enumerated deficiencies stated in the order, two dealt with discovery production. The third, and the one that, unfulfilled, led to dismissal, noted Carter's failure to "move the court for an extension of time within the time ordered by the court." However, the order of February 13, 1990 itself provided an extension period until March 20, 1990, during which time Carter could comply with the order's terms and avert the dismissal. We are of opinion that, because the order was itself an extension of time to correct the shortcomings, the logical interpretation of the order was that no other extension motion would be required if adequate discovery was provided by March 20, 1990, which Carter did, in fact, provide.
 
 
 7
 In light of the foregoing, we find that the district court abused its discretion in refusing to set aside the default under Rule 60(b)(1). See, e.g., Augusta Fiberglass Coatings v. Fodor Contracting, 843 F.2d 808 (4th Cir.1988); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951 (4th Cir.1987).
 
 
 8
 Accordingly, we vacate the judgment of the district court and remand for further proceedings.
 
 
 9
 VACATED AND REMANDED.
 
 
 10
 CHAPMAN, Senior Circuit Judge, and JOHN A. MacKENZIE, Senior District Judge, concur.
 
 
 
 *
 The text of the district court's order reads as follows:
 This matter is before the court upon defendants' motion dated January 31, 1990, to dismiss plaintiff's complaint pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Defendant contends that (1) plaintiff has failed to comply with this court's order requiring discovery in this matter to be completed by December 29, 1989; (2) plaintiff has failed to answer and/or supplement certain of defendant's interrogatories; and (3) plaintiff has failed to designate his expert witness.
 Plaintiff has not responded.
 The court, having considered defendant's motion, finds the following:
 
 
 [1]
 Plaintiff has violated the Initial Pre-trial Order by failing to designate his expert(s) by October 30, 1989
 
 
 [2]
 Plaintiff has failed to respond to defendant's interrogatories (Nos. 31-35) in a manner sufficient to support his claim of defective manufacture and design
 
 
 [3]
 Plaintiff has failed to move the court for an extension of time within the time ordered by the court
 It is hereby ORDERED, ADJUDGED, and DECREED that because plaintiff has failed to comply in the aforementioned instances, the plaintiff's case is DISMISSED with prejudice.
 This order is to become effective March 20, 1990, unless the plaintiff corrects the discrepancies listed above on or before that date. If the plaintiff fails to do so, no further order shall be issued in this matter, the case will be dismissed, and plaintiff shall pay the cost.